**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HAROLD HARTGE,

       Petitioner,

       vs.                                Case No. 8:02-CV-1254-T-30TGW

JAMES V. CROSBY, JR.,[1]

       Respondent.

_____/

# ORDER

       Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his convictions for three counts of capital sexual battery entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida. Petitioner filed a memorandum in support of the petition (Dkt. 8). Respondent has filed a response to the petition (Dkt. 12), and Petitioner has filed a reply thereto (Dkt. 18). The matter is now before the Court for consideration on the merits of the petition.

**Background**

       Petitioner was charged by information on April 6, 1998, with three counts of sexual battery (Dkt. 12, Ex. 016, Vol. I at R. 14-16). The offenses occurred during the period January through March 11, 1998. *Id.* Represented by retained counsel, Petitioner proceeded to a trial by jury. The jury returned guilty verdicts on all three charges (Dkt. 12,

---

[1]James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Ex. 016, Vol. I at R. 128). Petitioner was sentenced on April 29, 1999, to a term of natural life on each count, with the sentences to run concurrently (Dkt. 12, Ex. 016, Vol. I at R. 129-133).

Represented by court-appointed counsel, Petitioner filed a direct appeal, raising the following three issues:

1.   The trial court erred in allowing testimony of a scientific child sexual abuse syndrome;

2.   The trial court erred in permitting the state to introduce a picture of the child victim's vagina; and

3.   The trial court abused its discretion in allowing the hearsay testimony of Madonna Crouch.

Dkt. 12, Ex. 001.  On March 1, 2000, the appellate court affirmed Petitioner's convictions and sentences per curiam, without written opinion, with the mandate issuing on March 29, 2000  (Dkt. 12, Ex. 003). *See Hartge v. State*, 755 So.2d 121 (Fla. 2d DCA 2000) (table decision).

On or about March 14, 2000, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Dkt. 12, Ex. 005).  Petitioner raised two claims for relief: (1) appellate counsel was ineffective for offering very little argument in support of each of the issues raised on direct appeal, for failing to file a reply brief, and for failing to file a response attacking opposing counsel for asserting an allegedly false argument; and (2) appellate counsel should have argued that the state failed to present evidence of Petitioner's age during the trial.  *Id.* The state district court denied the petition without discussion in an order filed April 6, 2000.  *See Hartge v. State*, 793 So.2d 945 (Fla. 2d DCA 2000) (table decision). Petitioner's motion for rehearing was denied on June 5, 2000 (Dkt. 12, Ex. 007).

Not deterred, on October 11, 2000, Petitioner filed a state application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 12, Ex. 008). Petitioner raised four grounds for relief in his Rule 3.850 motion, asserting that trial counsel was ineffective for (1) failing to use an independent expert to test the DNA evidence and stipulating to the State's DNA evidence; (2) failing to move to dismiss the charges or to move for a judgment of acquittal; (3) failing to hire an independent medical expert to rebut the State's medical evidence; and (4) failing to present testimony from several defense witnesses. On November 2, 2000, the trial court denied Petitioner's third claim and his fourth claim, in part, and ordered the State to respond to the remaining issues raised in Petitioner's Rule 3.850 motion (Dkt. 12, Ex. 009).

On February 1, 2001, the State filed its response to the Rule 3.850 motion (Dkt. 12, Ex. 010), and on February 7, 2001, the trial court summarily denied the motion (Dkt. 12, Ex. 011 (unnumbered)).

Represented by retained counsel, Petitioner appealed the trial court's order, asserting that trial counsel was ineffective for: (1) failing to challenge the State's forensic evidence; (2) failing to investigate and preserve evidence; (3) failing to consult and/or retain an independent medical expert; (4) failing to move to dismiss the charges or to move for a judgment of acquittal; and (5) failing to call several witnesses Petitioner asserted would have provided testimony which supported his defense that the charge was fabricated by the child victim's family (Dkt. 12, Ex. 012). On August 31, 2001, the appellate court affirmed the trial court's decision without written opinion. *See Hartge v. State*, 803 So. 2d 726 (Fla. 2d DCA 2001) (table decision).  Petitioner filed a *pro se* motion for rehearing on September

12, 2001, which was denied. The mandate issued on December 14, 2001 (Dkt. 12, Ex. 015).

Petitioner filed the instant petition for federal habeas relief on July 9, 2002 (Dkt. 1). He raises the following grounds for relief in his petition:

1. Whether the trial court erred in allowing testimony of a scientific child sexual abuse syndrome without first subjecting said testimony to the test announced in *Frye v. United States*, in violation of petitioner's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

2. Whether the trial court erred in permitting the state to introduce a picture of [the child victim's] vagina, which relevancy was outweighed by undue prejudice to the Petitioner in violation of Petitioner's right to a fair trial and due process under the Fifth and Fourteenth Amendments to the United States Constitution.

3. Whether the trial court abused its discretion in allowing the hearsay testimony of Madonna Crouch in violation of Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.

4. Whether Petitioner was denied effective assistance of appellate counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

    A. Appellate counsel's failure to file a reply brief[,] allowing the state to present blatantly false and misleading argument to the court; and

    B. Appellate counsel's failure to present and argue the fact that the state failed to prove a key element necessary to convict Petitioner of the offense charged.

5. Whether Petitioner was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

    A. Trial counsel failed to have an independent laboratory test various DNA samples and stipulated to the State's laboratory reports of the DNA analysis;

    B. Trial counsel failed to move for a mistrial, dismissal of the charges, or a judgment of acquittal when the State failed to present any

-4-

evidence to establish Petitioner's age at the time the offense occurred;

C.  Trial counsel failed to obtain the services of an independent medical expert and further failed to impeach the State's medical expert; and

D.  Trial counsel failed to contact or depose several potential defense witnesses.

(Dkt. 1). For reasons set forth below, the Court finds that these claims lack merit.

### Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003); *Maharaj v. Sec'y of Dept. of Corr.*, 304 F.3d 1345, 1346 (11th Cir. 2002). Pursuant to § 2254, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003); *Harrell v. Butterworth*, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v. Andrade*, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12, 17

(2003); *Clark v. Crosby*, 335 F.3d at 1308-10; *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Mitchell v. Esparza*, 540 U.S. at 17 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (hereinafter "Williams I")). *See also Price v. Vincent*, 538 U.S. at 639; *Lockyer v. Andrade*, 538 U.S. at 75-77. A state court does not have to cite Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Mitchell v. Esparza*, 540 U.S. at 17; *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams I*, 529 U.S. at 411. A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer v.*

*Andrade*, 538 U.S. at 75-77; *Williams I*, 529 U.S. at 409-10; *Penry v. Johnson*, 532 U.S. at 791-792; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002); *Mitchell v. Esparza*, 540 U.S. at 18; *Price v. Vincent*, 538 U.S. at 639.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. *See Holland v. Jackson*, 542 U.S. 649, ___, 124 S.Ct. 2736, 2737-38 (2004) (citing *Yarborough v. Gentry*, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *cf. Bell v. Cone*, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001), *cert denied*, 534 U.S. 1046 (2001). Because of the deference due the state court's findings of fact and conclusions of law, the state court's determination of each of Petitioner's claims largely governs review of those same claims. Consequently, in order to determine the reasonableness of the state court's determinations, the review of each of Petitioner's grounds will include a recitation of the state court's analysis.

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court, subject to the very narrow exceptions set out in § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 433-34 (2000) (hereinafter *"Williams II"*).

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. Where a petitioner has not "fairly presented" a federal constitutional claim to the state court, he has failed to exhaust his state court remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Rose v. Lundy*, 455 U.S. 509 (1982); *Anderson v. Harless*, 459 U.S. 4 (1982). The Supreme Court has rejected the theory that by presenting the facts on which an alleged constitutional violation is based, a petitioner implicitly raises the claim. *Id.* at 6. The petitioner must make the state court aware that the claims asserted present federal constitutional issues. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

The failure of a federal habeas petitioner to adhere to state procedural rules governing the timely presentation of claims will bar federal review of those claims in a subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir. 1998). The federal habeas court must defer to the state court's interpretation of its procedural rules, and must enforce those rules as well as enforcing the procedural rulings of the state courts. *See Lindsey v. Smith*, 820 F.2d 1137 (11th Cir. 1989).

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson* , 501 U.S. 722, 735-36 (1991);

*Kight  v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

### Evidentiary Hearing

Petitioner asserts that he is entitled to an evidentiary hearing on the claims asserted in his § 2254 petition.  Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part, that once all of the parties' documents have been filed with the court,  "the judge. . .shall review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *See also* Rules Governing Section 2254 Cases 8(a) advisory committee note (stating that "[s]ince the function of an evidentiary hearing is to try issues of fact. . . , such a hearing is unnecessary when only issues of law are raised.") (citation omitted).

A petitioner has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874 (1984). Petitioner has not met that burden.  The Court finds that an evidentiary hearing is not required in this matter.  *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required . . . where 'the files and records of the case conclusively show that the prisoner is entitled to no relief'" (quoting 28 U.S.C. § 2255)).

### Discussion

Respondent asserts that Grounds One, Two, and Three are procedurally barred because they were not presented to the state courts as violations of federal constitutional rights. Respondent further contends that Petitioner's claims that he was denied his Sixth

Amendment right to effective assistance of counsel fail to meet the criteria for relief under § 2254(d) and (e).

**Grounds One, Two, and Three**

In Ground One, Petitioner contends that the trial court erred in allowing testimony about a scientific child sexual abuse syndrome without first subjecting the testimony to the test announced in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), in violation of Petitioner's constitutional right to due process. Petitioner asserts in Ground Two that the trial court erred in allowing the state to introduce pictures of the child victim's vagina. Petitioner argues that the poor quality of the picture and the explanation for why the photograph was of such "poor quality rendered its probative value marginal. The prejudicial effect of this information substantially outweighed any remaining usefulness the photograph had, especially when the doctor had an acceptable alternative method to explain her findings." (Dkt. 1 at 4). Finally, in Ground Three, Petitioner asserts that the trial court abused its discretion in allowing the hearsay testimony of Madonna Crouch regarding statements made to her by the child victim. Petitioner asserts that the "testimony should have been excluded as unreliable." *Id.*

Respondent asserts, *inter alia*, that although these three claims were raised by Petitioner on direct appeal, *see Hartge v. State*, 755 So.2d 121 (Fla. 2d DCA 2000) (table decision), because the claims were not fairly presented to the state courts as federal constitutional claims, they are unexhausted and thus procedurally barred in this Court. The record supports Respondent's position.

The issues Petitioner presented on direct appeal were, as in the instant petition, pressed only in state law terms. Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. Where a

petitioner has not "fairly presented" a federal constitutional claim to the state court, he has failed to exhaust his state court remedies. *Anderson v. Harless*, 459 U.S. 4 (1982); *Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). The Supreme Court has rejected the theory that by presenting the facts on which an alleged constitutional violation is based a petitioner implicitly raises the claim. *Anderson v. Harless*, 459 U.S. at 6. The petitioner must make the state court aware that the claims asserted present federal constitutional issues. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

In Ground One, Petitioner's argument relates to the admissibility of testimony by a member of the child protection team regarding "the process in which a child discloses abuse" (Dkt. 8 at 3). Petitioner's entire argument on this issue in state court focused on the standard employed under Florida law to determine the admissibility of scientific testimony (Dkt. 12, Ex. 001 at 20-24). The only reference Petitioner made to federal law was a citation to the test enunciated in *Frey v. United States*, 293 F. 1013 (D.C. Cir. 1923), as the standard adopted by the Florida Supreme Court in *Stokes v. State* requiring the proponent of expert scientific testimony to show that the conclusions advanced by the proposed witness were generally accepted in the relevant scientific community. 548 So.2d 188, 195 (Fla. 1989) (finding that "the test espoused in *Frye* properly addresses the issue of the admissibility of posthypnotic testimony").

In Ground Two Petitioner cited *Old Chief v. United States*, 519 U.S. 172 (1997), in support of his argument that the trial court erred in applying "the [Fla. Stat. §] 90.403 balancing test" to assess the admissibility of the photographs of the child victim's vagina by failing to consider the presence of "an evidentiary alternative"(Dkt. 12, Ex. 001 at 25-29). Petitioner did not, however, argue that he was deprived of a federal constitutional right

during his state criminal proceedings or that his conviction was otherwise contrary to federal law.

Finally, as to Ground Three, Petitioner's argument in state court focused on the trial court's alleged failure to comply with the requirements of Fla. Stat. § 90.803(23), which provides an exception to the hearsay rule in cases of child sex abuse cases (Dkt. 12, Ex. 001 at 30-36). Again, this claim was presented as a state law issue only.

In short, Petitioner failed to present any argument in his appellate brief which can be construed as presenting these three claims in federal constitutional terms. A challenge to a conviction must do more than pose a question of state law, for such a challenge alleges no deprivation of federal rights and does not merit habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (refusing to review an argument pertaining to an affirmative defense). Merely citing Supreme Court precedent is not, standing alone, enough to exhaust a federal habeas claim in state court. *See also McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citations omitted) ("[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." (citation omitted)).

Because Petitioner's references to federal law did not alert the state court to the fact that he was asserting claims under the United States Constitution, they are, as discussed above, insufficient to satisfy the § 2254 exhaustion requirement. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition).

Nothing in the record suggests that the statutory exceptions to the exhaustion requirement are applicable in the present case. *See* 28 U.S.C. § 2254(b)(1)(B). Petitioner's failure to present the federal constitutional dimension of his claims at trial and on direct appeal renders Grounds One, Two, and Three procedurally defaulted in state court. This Circuit has long recognized this aspect of Florida law. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.) (claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).   Under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion.   *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990). When, as in the instant case, it is clear that the unexhausted claims would be barred in state court due to a state-law procedural default, the claims are barred in federal court without a showing by the petitioner of both cause for the default and prejudice from the alleged constitutional violation. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).   Petitioner has not shown cause and prejudice to overcome the procedural bar, *Wainwright v. Sykes*, 433 U.S. 72 (1977), nor has he shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of these claims. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Without such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court. *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

**Ground Four and Five**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal.  According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998). Accordingly, even if the performance of a petitioner's counsel was not objectively reasonable, unless the petitioner can show that counsel's performance prejudiced the defense, he cannot prevail.

In applying the deficient performance prong of the *Strickland* test, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* In reviewing Petitioner's allegations, the court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*  In applying the prejudice prong of the test, in the event counsel erred in presenting Petitioner's defense,

"[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The appropriate test for prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In addressing the level of deference due state court decisions on ineffective assistance of counsel claims, the Eleventh Circuit stated:

> Because "both the performance and the prejudice components of the ineffectiveness test are mixed questions of fact and law . . . [,] a state court's ultimate conclusions regarding competence and prejudice are not findings of fact binding on the federal court to the extent stated by § 2254(d). . . ." *Kimmelman,* 477 U.S. at 388-89, 106 S.Ct. at 2590.  Subsidiary findings of historical fact and findings that certain decisions by counsel were tactical choices, however, are entitled to a presumption of correctness under § 2254 as questions of fact. *Id.* at 389, 106 S.Ct. at 2590; *Horton v. Zant,* 941 F.2d 1449, 1462 (11th Cir.1991), *cert. denied,* 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992). Thus, we defer to the state court's findings of fact but apply our own judgment as to whether the conduct constitutes ineffective assistance of counsel.

*Mills v. Singletary*, 63 F.3d 999, 1024 n.43 (11th Cir. 1995), *cert. denied*, 517 U.S. 1214 (1996).

A defendant has a right to counsel to aid in the direct appeal of his or her criminal conviction.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  That right is violated when appellate counsel is ineffective.  *Id.* at 397; *Alvord v. Wainwright*, 725 F.2d 1282 (11th Cir. 1984). This circuit has applied the Supreme Court's test for ineffective assistance of counsel at trial set out in *Strickland v. Washington*, 466 U.S. at 687, to guide its analysis of ineffective assistance of appellate counsel claims.  *See Heath v. Jones*, 941 F.2d 11 26, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).  In order to prevail on such a

claim, a petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Id.*

Counsel does not provide ineffective assistance when frivolous arguments are not raised on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *see also United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to argue a meritless issue). The Sixth Amendment does not even require appellate advocates to raise every non-frivolous issue. *Heath*, 941 F.2d at 1131. Instead, effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. *Id.*

**Trial Counsel**

Petitioner retained Attorney Derek Byrd to represent him at trial.  Attorney Byrd was granted leave to withdraw on May 10, 2000, and the trial court appointed the public defender to represent Petitioner on appeal on May 27, 2000 (Dkt. 12, Ex. 016, Vol. I at 158).

As set forth *infra*, each of the claims that Attorney Byrd's performance was deficient was raised in Petitioner's Rule 3.850 motion.  Thus, to establish that he is entitled to relief on these claims, Petitioner must establish that the trial court incorrectly applied the *Strickland* standard for ineffective assistance of counsel claims, discussed *supra*, in reaching its determination that the claims raised in his Rule 3.850 motion lacked merit. *See* 28 U.S.C. § 2254(d); *Strickland v. Washington*, 466 U.S. at 687. While the trial court failed to cite the *Strickland* standard in support of its findings, neither its reasoning nor its result contradicts Supreme Court precedent on claims of ineffective assistance of counsel.  *See Early v. Packer*, 537 U.S. 3, 8 (2002) (finding that a state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as its decision is not inconsistent

therewith); *Mitchell v. Esparza*, 540 U.S. at 17; *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

## DNA Testing

First, Petitioner contends that Attorney Byrd was ineffective for stipulating to the State's laboratory reports of the DNA analysis the Florida Department of Law Enforcement ("FDLE") Crime Laboratory performed on the semen found on the child victim's shorts and the blood samples taken from the child victim and Petitioner.  According to Petitioner, he requested that Attorney Byrd employ an independent laboratory to retest the samples and retain an expert to assist in the preparation of the defense and interpret the findings of the prosecution's expert (Dkt. 8 at 14-15). Petitioner acknowledges, however, that Attorney Byrd's strategy was to rely on cross-examination to "impeach and/or discredit" the testimony of the State's witnesses rather than utilize the services of an expert and an independent laboratory (Dkt 8 at 19).

Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. A review of the record reveals that Attorney Byrd elected to present evidence to support a reasonable, innocent explanation for the presence of Petitioner's semen stains on the child victim's clothing rather than attempt to challenge the accuracy or reliability of the DNA test results (Dkt. 12, Ex. 016, Vol. V at Tr. 636-641).  In support of this strategy, Petitioner testified that he may have engaged in self-masturbation on the morning of March 10, 1998, positing that semen deposited on his bedding during the act

had not yet dried when the child victim entered his room to ask for a ride to school.

According to Petitioner, when the child victim "jumped" onto the bed, she probably brushed

her shorts against the wet semen. *Id.* at 516; 636-43. Attorney Byrd also proffered this as

an explanation for the presence of Petitioner's semen on the child victim's shorts during

closing argument (Dkt. 12, Ex. 016, Vol. VI at Tr. 717-19).

> In its order denying this claim, the trial court found as follows:

> The Defendant contends that he requested his attorney to hire an independent expert and laboratory to test the State's DNA analysis of blood and stains associated with the crime and his attorney failed to hire an expert or an independent lab. The Defendant contends that his attorney stipulated to the State's evidence over his objection and that any agreement to this by him appearing in the record was the product of duress and threats by his attorney to withdraw from his case.

> The State's response indicated that the Defendant's Motion should be denied because the Defendant's Motion failed to show that the testing that was done was inaccurate. Further, the State argued that defense counsel presented an effective strategy in view of the Defendant's admission that the stain evidence collected may have come from him.

> The Defendant's Motion is denied. The Defendant has failed, as pointed out by the State, to present any facts which show how an independent DNA test on the stains would have shown them to be inaccurate. See *Lecroy v. Dugger*, 727 So. 2d 236 (Fla. 1998). Further, the Defendant admitted during his testimony, that his own semen could have been on his bed when the victim came into his room. (See attached copy of transcript, pp. 636-641). The Defendant has failed to show how counsel's alleged failure to hire an independent expert prejudiced the outcome of his case.

Dkt. 12, Ex. 011.

An attorney is not ineffective for decisions that are a part of a trial strategy that, in

hindsight, did not work to the defendant's advantage. *Strickland,* 466 U.S. at 689.

Petitioner has not demonstrated that additional testing of the semen and blood samples

would have contradicted the FDLE laboratory's findings or that the advice of a expert would

have aided the defense.   Petitioner has not met the burden of showing a reasonable

probability that additional testing on the semen or the advice of a DNA expert would have produced a different outcome at trial. Having failed to meet the second prong of the *Strickland* test, Petitioner has not demonstrated that he is entitled to relief on this claim.

**<u>Age as an Element of the Offense</u>**

Petitioner alleges that the State was required to establish his age at the time the offense occurred to support a conviction of sexual battery by a person over 18 years of age. He contends that Attorney Byrd was, therefore, ineffective for failing to move to dismiss the charge or for a judgment of acquittal based on the State's failure to establish an element of the offense. Petitioner further contends Attorney Byrd erred in failing to request a specific jury instruction as to age as an element of the offense.

This issue was raised and rejected in Petitioner's Rule 3.850 proceedings.  The trial court found as follows:

> The Defendant contends that the State failed to prove that the Defendant was over 18 years of age to prove the element of sexual battery by [a] person over 18 years of age. The Defendant claims his attorney never moved to dismiss the charge or for a judgment of acquittal  on that basis. Further, the Defendant contends his attorney failed to request a specific jury instruction on that issue.

> The State responded that the Defendant's Motion should be denied because defense counsel and the State had agreed that age of the Defendant would not be an issue since he was clearly over the age of 18. Further, the State argued that the age of the Defendant is not an element of the crime, but only a means by which an offender should be sentenced.

> The Defendant's Motion is denied. First, although the record attachments supplied by the State do not refute the Defendant's claim that counsel and the State had agreed not to present age as an issue, case law in the Second District Court of Appeal subsequent to *Francis v. State*, 512 So. 2d 280 (Fla. 2d DCA 1987), cited by this court in its prior order, indicates that age of the Defendant is not an element of the crime of sexual battery and, therefore, any motion to dismiss or for a judgment    of    acquittal    would    have    been

unsuccessful. *See Winchester v. State*, 639 So. 2d 84, 85 (Fla. 2d DCA
1994) (Holding that defendant's age only prescribes the means by which an
offender should be sentenced and is not an element of the crime). Further,
even if the motion was made, the court would have been within its discretion
to allow the State to reopen its case to present the additional testimony. *See
K.K. v. State*, 717 So. 2d 193 (Fla. 5th DCA 1998).

Dkt. 12, Ex. 011.

Respondent argues that since Petitioner's own testimony established that he was

over the age of 18 at the time he committed the sexual battery offenses  (Dkt. 12, Ex. 016,

Vol. V at Tr. 596), Attorney Byrd was not ineffective for failing to move for a judgment of

acquittal or request a jury instruction on the issue. The offenses were alleged to have

occurred during the period of January through March 11, 1998 (Dkt. 12, Ex. 016, Vol. I at

R. 14-16). On April 28, 1999, Petitioner took the stand to testify on his own behalf.  Attorney

Byrd asked Petitioner his age (Dkt. 12, Ex. 016, Vol. V at Tr. 596).  Petitioner responded:

"I'm 28 now." *Id. Battle v. State*, 911 So.2d 85, 89 (Fla. 2005) (citing *Stewart v. State,* 420

So.2d 862, 863 (Fla. 1982) (trial court did not instruct on intent to permanently deprive as

element of robbery, but defendant admitted at trial that he stole the victim's personal

property)).

Even if Petitioner had not presented evidence of his age, when considered in light

of controlling precedent in Florida at the time, trial counsel would not have prevailed in the

trial court on this issue. When Petitioner proceeded to trial, there was a split in Florida's

district courts of appeal on this issue.  The Second and Fourth District Courts of Appeal

disagreed with the First, Third, and Fifth District Courts of Appeal on whether the age of a

defendant was an element of the crime of sexual battery under Florida law. *See

Winchester v. State*, 639 So. 2d 84, 85 (Fla. 2d DCA 1994) (holding that defendant's age

only prescribes the means by which an offender should be sentenced and is not an element of the crime); *Jesus v. State,* 565 So.2d 1361 (Fla. 4th DCA 1990) (age is a sentencing factor, not an element of the crime); *but see Adams v. State,* 834 So.2d 301 (Fla. 1st DCA 2002) (finding that in a capital sexual battery case, age is an element of the offense); *Baker v. State,* 604 So.2d 1239 (Fla. 3d DCA 1992) (same); *D'Ambrosio v. State*, 736 So.2d 44 (Fla. 5th DCA 1999) (the age of the defendant is an essential element of capital sexual battery); *M.J.C. v. State,* 681 So.2d 1203 (Fla. 5th DCA 1996) (juvenile could not be convicted of capital sexual battery where he was not eighteen years of age or older at the time of the offense). Petitioner was tried in the Twelfth Judicial Circuit Court, Sarasota County, Florida, which is within the jurisdiction of the Florida Second District Court of Appeal.  Given the decision in *Winchester v. State*, a motion to dismiss or for a judgment of acquittal based on this issue would likely have been unsuccessful.

Moreover, as the trial court judge correctly pointed out in the order denying relief on this claim, had Attorney Byrd made a motion for a judgment of acquittal on this ground, the trial court would have been within its discretion to allow the State to reopen its case to present additional testimony. *See, e.g., Hoey v. Fletcher*, 39 Fla. 325, 22 So. 716 (1897) (reopening a case for additional testimony is a matter for the trial court's discretion); *Stewart v. State*, 420 So.2d 862, 865  (Fla. 1982) (same); *K.K. v. State*, 717 So. 2d 193 (Fla. 5th DCA 1998) (same). Petitioner has failed to demonstrate that Attorney Byrd's performance was deficient in this regard.   Having failed to meet either prong of the *Strickland* test, Petitioner has not established that he is entitled to habeas relief on this claim.

## Medical Expert

Petitioner contends that Attorney Byrd was ineffective for failing to obtain the services of an independent medical expert and for failing to impeach the State's medical expert. According to Petitioner, he requested that Attorney Byrd hire an independent medical expert to rebut and review the opinions and findings of the State's medical expert, Dr. Keeley. Petitioner does not state how testimony by an independent expert would have aided the jury in determining whether he had engaged in sexual acts with the child victim.

Petitioner also complains that Attorney Byrd failed to familiarize himself with Dr. Keeley's pretrial deposition, which, according to Petitioner, contained testimony which conflicted with her trial testimony. In its order denying Petitioner's Rule 3.850 motion, the trial court found as follows:

> Defendant contends that he requested his attorney to hire an independent medical expert to rebut and review the opinions and findings of the State's medical expert, Dr. Keely.[2] Further, the Defendant argues that his attorney failed to familiarize himself with Dr. Keely's pretrial deposition in which she gave conflicting testimony from her trial testimony. The Defendant contends he was prejudiced because his attorney failed to impeach Dr. Keely and essentially her testimony went unchallenged by the defense.
>
> The Defendant's Motion is denied. As the attached transcript reflects, defense counsel vigorously cross-examined Dr. Keely about the inconsistencies in her examination of the victim. (*See* attached transcript, pp. 556- 573). Further, the conflicting testimony the Defendant refers to at trial by Dr. Keely is taken out of context, because Dr. Keely's response at trial was based on the history given to her by the victim. (See attached copy of transcript, pp. 554-555). As a result, any failure by the defense to call another medical expert witness would not have sufficiently prejudiced the outcome of the Defendant's case such that the outcome of the proceeding would have been different.

Dkt. 12, Ex. 009 (footnote added).

---

[2]The doctor is identified as Katherine Keeley in the trial transcript (Dkt. 12, Ex. 016, Vol. V at Tr. 528).

As Petitioner points out, Dr. Keeley did not testify that abnormalities that she observed when she examined the child victim established that penetration had occurred. To the contrary, Dr. Keeley's testimony was that injuries to the child victim's hymen were "consistent" with injuries which would occur with penetration or a straddle injury, and scarring of the hymen indicated that digital or penile penetration "could" have occurred (Dkt. 12, Ex. 016, Vol. V at Tr. 563-568).  Moreover, a review of the trial transcript confirms that Attorney Byrd vigorously cross-examined Dr. Keeley about the inconsistencies in her testimony regarding her examination of the victim.  *Id.* at Tr. 556-573.

As set forth *supra*, the trial court found that Petitioner failed to meet the prejudice prong of the *Strickland* test. A court may decline to reach the deficient performance prong of the *Strickland* standard if it is convinced that the prejudice prong cannot be satisfied. *See Strickland*, 466 U.S. at 487; *Waters v. Thomas*, 46 F.3d 1506, 1510 (11th Cir. 1995). Based on the record, it can be objectively concluded that the trial court's decision on this claim of ineffective assistance of trial counsel is a reasonable application of the Supreme Court's precedent enunciated in *Strickland*. 466 U.S. at 687.

**Investigate Witnesses**

Finally, Petitioner contends that Attorney Byrd was ineffective for failing to call several defense witnesses who, Petitioner argues, would have corroborated his claim that the victim's mother and others fabricated the charges against Petitioner and falsely accused others of similar crimes in the past. This claim was considered and rejected by the trial court during the Rule 3.850 proceedings:

> Defendant contends his attorney failed to call several defense witnesses who, the Defendant contends, would have corroborated his claim that the victim's mother and others had fabricated the charges against the Defendant and had falsely accused others of similar crimes in the past.

The Defendant's Motion is denied in part. First, with respect to defense counsel's failure to call Carolyn Farrow concerning her alleged false accusations against Alex Sulaty, the Defendant's claim is denied on the ground that a pretrial motion in limine was entered which prohibited such testimony. (*See* attached copy of Order on State's Motion in Limine). With respect to the Defendant's claim concerning Carolyn Farrow's allegation against Mr. Boyd Ford, that is denied based on the same pretrial order as previously stated. (*See* attached copy of Order on State's Motion in Limine).

With respect to the Defendant's claim concerning counsel's failure to call Ron McCauley as a witness, the State is hereby directed to file a response to this issue, so that the court can determine whether or not an evidentiary hearing is warranted. Any portions of the record required to substantiate the State's response shall be attached to the response.

With respect to the failure to call the neighbor who heard a suggestive comment made to the victim by another person, that testimony would be inadmissible hearsay testimony and also, the Defendant has failed to indicate the name of the witness. *See Marrow v. State*, 715 So. 2d 1075, 1076 (Fla. 1st DCA 1998) (Finding that claim regarding failure to call a witness is sufficient if the potential witness was identified with sufficient specificity to permit defense counsel to locate and to interview him).

Dkt. 12, Ex. 009.

After receiving a response from the State on three of the four claims raised in Petitioner's Rule 3.850 motion, the trial court entered a second order finding, *inter alia*, as follows:

Defendant contends his attorney failed to call several defense witnesses who, the Defendant contends, would have corroborated his claim that the victim's mother and others had fabricated the charges against the Defendant and had falsely accused others of similar crimes in the past.

The State argued that the Defendant's allegations concerning the victim's mother's allegations against Mr. McCauley should be denied because there was no evidence of the truth of those allegations. The State argued that even if defense counsel had attempted to introduce those statements, it is unlikely they would have been admissible to prove a motive for the victim to lie and falsely accuse the Defendant.

The Defendant's Motion is denied. Although the State's attachments cannot be used to deny the Defendant's claim because they are dehors the official record, the court agrees with the State's argument that the proposed

testimony of Mr. McCauley would have been inadmissible at trial. The proposed testimony of Mr. McCauley would not have been admissible because it would have not been evidence which tended to show a motive to lie on the part of the victim in this case, but rather the victim's mother's possible fabrication of allegations that Mr. McCauley had sexual relations with another child. *See Gutierrez v. State*, 747 So. 2d 429 (Fla. 4th DCA 1999) (Holding error not to admit evidence tending to show <u>victim</u> had motive to fabricate charges). *See also Frederic v. State*, 770 So. 2d 719 (Fla. 4th DCA 2000) (No error to refuse to admit evidence of <u>victim's</u> previous accusations against another where no evidence was introduced to show victim had fabricated present charges in retaliation of an exercise of authority by a parent or guardian figure). Further, the testimony of a witness about alleged fabricated charges brought against him by the victim's mother with regard to another child would have been inadmissible as collateral to fabrication of charges against the present victim, and, therefore, would not bear on the credibility of the victim.  *See Gutierrez*, 747 So.2d at 433. Finally, the Defendant never testified to any financial demands made upon him by the victim's mother, prior to the accusations, contrary to his sworn motion, and he did present testimony concerning his retrieval of personal items from the house after he left. (See attached copy of transcript, pp. 595- 646).

Dkt. 12, Ex. 011 (unnumbered) (emphasis in original).

Testimony regarding an incident involving the child victim's mother when she was 12 years old is not relevant to the child victim's allegations against Petitioner.  As to the allegation made in 1996 by the child victim's mother that Mr. Boyd Ford, her boyfriend's father, had sexually abused the child victim, not only would such testimony lack relevance to the charges against Petitioner, but assuming that Petitioner's assertion that the 1996 physical examination of the child victim revealed that she displayed no physical signs of sexual abuse is correct, such testimony might have actually helped the State given that the physical examination of the child victim performed by Dr. Keeley in 1998 revealed scarring on the hymen (Dkt. 12, Ex. 016, Vol. V at Tr. 566-68). Ms. Farrow's alleged attempt to extort money from another tenant and testimony of a neighbor regarding a report she made to the Department of Children and Families when she overheard a 12-year-old boy make

a comment of a sexual nature to the child victim are likewise not relevant to the charges against Petitioner.

Petitioner has not rebutted the presumption of correctness accorded the trial court's findings of fact. *See* 28 U.S.C. § 2254(e). Trial counsel is not ineffective for failing to call a witness to present testimony which is either not relevant to the matter at hand or is inadmissible hearsay. Having failed to establish that Attorney Byrd's performance was deficient in this regard, Petitioner has not demonstrated that he is entitled to relief on this claim.

The trial court's denial of Petitioner's claims of ineffective assistance of trial counsel are not contrary to, or an unreasonable application of, Supreme Court law to the facts of this case. *See* 28 U.S.C. § 2254(d). The decision is, therefore, entitled to deference from this Court. *Id.* Accordingly, Petitioner's claims of ineffective assistance of trial counsel must be denied.

**Appellate Counsel**

Petitioner alleges that appellate counsel was ineffective for (1) failing to file a reply brief challenging the State's assertion that the record on appeal did not support the claim that the trial court erred in finding that the testimony of Madonna Crouch met the criteria for admissibility under Florida law, and (2) failing to argue that the State did not establish an essential element of the charge of capital sexual battery because it failed to present evidence of Petitioner's age at the time the offense occurred. These claims were raised in Petitioner's petition for state habeas relief. As stated *supra*, the state district court entered an order without written opinion. The Eleventh Circuit has held, however, that such decisions are entitled to the same deference as if the appellate court had entered written

findings to support its decision.  *See Wright v. Sec. of Dept. of Corr.*, 278 F.3d 1245, 1253-55 (11th Cir. 2002), *cert. denied*, 538 U.S. 906 (2003).

## Failure to File Reply Brief

Petitioner's argument that appellate counsel's performance was deficient because he failed to file a reply to the State's response lacks merit.  When appellate counsel challenged the trial court's decision to admit that the testimony of Ms. Crouch, the State relied on Fla. R. App. P. 9.200(e)[3] in support of its argument that the appellate record did not reflect that the issue was preserved by an objection to the trial court's findings immediately after the child victim hearsay hearing, arguing as follows:

> Although Appellant "renewed his objection to Madonna Crouch's testimony (V.3: T. 356), Appellant has not provided a record of any objection to the court's findings immediately after the child victim hearsay hearing. Accordingly, Appellant has failed to preserve this issue.  Pursuant to Fla. R. App. P. 9.200(e), it is Appellant's burden to ensure that a proper and complete record is prepared.  Although no child victim hearsay hearing is included in this record, it is apparent from the record that there was a pre-trial hearing.  (V. 1: R. 137).  If the record is incomplete, then Appellant has not met his burden of providing a proper record, and he should not now be allowed to claim any benefit from his failure to obtain a complete record.

Dkt. 12, Ex. 002 at 11.  A review of the State's answer brief reveals that the State also presented alternative arguments on the merits of the issue in its appellate brief, pointing out that the available record shows the trial court made sufficient factual findings of reliability of the hearsay statements under Fla. Stat. § 90.803(23) to allow the introduction of Ms. Crouch's testimony (Dkt. 12, Ex. 002 at 11-13).  The State argued, in the alternative, that even if it was error to allow Ms. Crouch to testify about the child victim's hearsay

---

[3]"The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion." Fla. R. App. P. 9.200(e).

statements, any such error was harmless in light of the unobjected-to statements presented by other witnesses (Dkt. 12, Ex. 002 at 13-14).

According to Petitioner, during the motion hearing, Attorney Byrd objected to the trial court's decision that Madonna Crouch's testimony met the criteria for admissibility under Florida law. Petitioner alleges that appellate counsel was ineffective for failing to file a reply brief refuting the State's argument that the appellate record failed to demonstrate that Attorney Byrd properly preserved this issue.

According to the minutes of the April 20, 1999 hearing, the trial court granted the State's motion to use the child's hearsay statements and directed the State to prepare an "order with details." Dkt. 12, Ex. 016, Vol. I at R. 65. Attorney Byrd made several oral motions in limine which were granted "as to improper conduct w/Madonna and . . . specific testimony from Paul a/k/a Buddy Hanson; denied as to an act observed by Anthony Croule" (Dkt. 12, Ex. 016, Vol. I at R. 65). Markings at the bottom of the page indicate that an additional notation was written across the bottom of the form, but that portion of the document was not captured during reproduction. The record reflects that when Ms. Crouch was called to testify, Attorney Byrd made the following objection:

Attorney Byrd:   I just want to put my objection back on the record. This is the witness that I did object to her child hearsay coming in as being unreliable. I'm not relying on the part or cumulative standard, I'm just relying under the fact that we underlined so I won't have to do it during her direct. I'm just putting that back on the record. There's a standing objection to the child hearsay that's about to be admitted.

Court:   Related to your objection, go ahead and specify for the record.

Dkt. 12, Ex. 016, Vol. III at Tr. 358.

On May 7, 1999, Attorney Byrd filed a Notice of Appeal and Written Directions to the Clerk that transcripts be prepared in accordance with the Designation to the Court Reporter (Dkt. 12, Ex. 016, Vol. I at R. 145-48).  Attorney Byrd, however, only directed the clerk to prepare the trial transcript (April 26 - 29, 1999).[4]  On May 11, 1999, Attorney Byrd moved the trial court for leave to withdraw as counsel of record and requested that appellate counsel be appointed to represent Petitioner. The public defender was appointed to represent Petitioner on appeal on May 27, 1999 (Dkt. 12, Ex. 016, Vol. I at R. 158).

The State filed its answer brief on September 29, 1999, asserting *inter alia*, that Attorney Byrd had not preserved this issue by properly objecting to the trial court's finding that Madonna Crouch met the criterial under Florida law to testify regarding statements the child victim made to her about the sexual abuse.

According to the January 18, 2000 letter Petitioner received from the Clerk of the Court, Twelfth Judicial Circuit, Sarasota County, an amended designation to the court reporter was filed by Attorney Byrd  on August 3, 1999, requesting that a transcript of the April 20, 1999 hearing be prepared (Dkt. 12, Ex. 005, App. 1). The court reporter filed the transcript on September 8, 1999; however, as of January 20, 2000, the clerk had not received a motion to supplement the appellate record. *Id.*  The clerk advised Petitioner that if he had any further questions, he should contact the public defender's office.  Petitioner does not state whether he shared this information with appellate counsel.  Petitioner's appeal was decided on March 1, 2000.

Respondent asserts that appellate counsel cannot be considered deficient for failing to file a reply brief because a reply brief is not required under Florida's rules of appellate

---

[4]Notably, nothing in the record indicates that Petitioner has ever asserted a claim that Attorney Byrd was ineffective for failing to include the transcript of the April 20, 1999 hearing in his instructions to the clerk.

procedure. *See Larsen v. State,* 693 So.2d 53, 54 (Fla. 4th DCA 1997) (holding that "appellate counsel cannot be deemed to have rendered ineffective assistance by failing to . . . . file a reply brief, which is not even required.") (citing *Strickland v. Washington*, 466 U.S. 466 (1984)).   Respondent also relies on the Ninth Circuit's decision in *United States v. Birtle* in support of its argument that failing to file a reply brief is not a basis for finding that appellate counsel's performance was deficient. 792 F.2d 846, 848 (9th Cir. 1986) (upholding the district court's use of the *Strickland* standard in rejecting a claim of ineffective assistance of appellate counsel, the circuit court found that "the failure to file a reply brief or to appear at oral argument does not prevent review of the issues raised on appeal."). *See also Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992) (appellate counsel's failure to file a reply brief to correct inaccurate statements of fact contained in the state's brief did not prejudice the rights of the petitioner). Petitioner has not demonstrated that appellate counsel's failure to file a reply brief prevented review of the issues raised on appeal or otherwise demonstrated prejudice to the defense.   Thus, Petitioner has failed to meet the second prong of the *Strickland.* outcome of his appeal would have been different had appellate counsel filed a reply brief.   The Court finds that this claim lacks merit.

**Age as an Element of the Offense**

Next, Petitioner argues that appellate counsel was ineffective for failing to argue that the State failed to prove a key element necessary to convict him of the offense charged, namely, that Petitioner was over the age of 18 when the offending conduct occurred. Petitioner acknowledges that this issue was not preserved for appeal during the trial (Dkt. 18 at 12).   For reasons discussed above, appellate counsel's performance in this regard was not deficient.   Failure to raise a meritless issue does not constitute ineffective

assistance of counsel.  Since there was no basis for raising this issue on appeal, appellate counsel cannot be deemed ineffective for failing to do so.

Petitioner has failed to demonstrate that the trial court's decision is contrary to or an unreasonable application of clearly established Supreme Court law, as enunciated in *Strickland v. Washington*, 466 U.S. at 687-89, or an unreasonable determination of the facts in light of the evidence.  *See* 28 U.S.C. 2254(d).  The Court finds that Petitioner is not entitled to the relief he seeks on this claim.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.  The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA/jsh

-31-