**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HAROLD HARTGE,

    Petitioner,

    vs.                                         Case No. 8:02-CV-1254-T-30TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **ORDER**

    This cause is before the Court on Petitioner's Motion for Reconsideration (Dkt. 24). The Court entered its decision denying Petitioner's § 2254 motion on December 12, 2005 (Dkt. 22). Petitioner fails to cite any legal authority for his motion. The Federal Rules of Civil Procedure provide two vehicles by which Petitioner may be seeking relief, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

    Petitioner asks the Court to reconsider its finding that three of his claims are procedurally barred because he failed to raise them as federal constitutional claims in state court. Petitioner also seeks reconsideration of his claims that trial counsel was ineffective in light of "clarifications" he asserts he could substantiate if his motions for discovery and appointment of counsel were granted. In its order denying Petitioner's § 2254 motion, the Court found that Petitioner had not met the burden of establishing that an evidentiary hearing was required in achieve a just resolution of issues raised in the petition.

    In a recent decision addressing the substantive conflict between the Federal Rules of Civil Procedure and the statutes governing federal habeas relief, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that a Rule 60(b) motion for relief from judgment seeking to advance one or more

substantive claims qualifies as a second or successive habeas corpus petition. *Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. 2641, 2647-48 (2005).

Since Petitioner's motion to reconsider is the functional equivalent of a second or successive petition under the test set forth in *Gonzalez, supra*, the applicable terms of the AEDPA apply regardless of how the motion is styled. *See Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the rationale for deciding whether a motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions, as well Rule 60(b) motions).

The Court finds that because Petitioner's motion attacks the substance of the Court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the court of appeals. *See* 28 U.S.C. 2244(b)(3); *Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition" (emphasis in original)).

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Reconsideration (Dkt. 24) is **DISMISSED** for lack of jurisdiction.
2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh