**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HAROLD HARTGE,

    Petitioner,

v.                                                     Case No. 8:02-CV-1254-T-30TGW

JAMES V. CROSBY, JR.[1],

    Respondent.
_____/

## **ORDER**

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his three convictions for capital sexual battery (Dkt. #1). Petitioner's Section 2254 petition was denied (Dkt. #22) and Petitioner appealed. The United States Court of Appeals for the Eleventh Circuit issued a certificate of appealability[2] affirming in part and vacating and remanding in part (Dkt. #36) the denial of the federal habeas petition. The Eleventh Circuit found that Petitioner's claim

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the party respondent. Fed. R. Civ. P. 25(d)

[2] The Eleventh Circuit granted a certificate of appealability on the following issues:

(1) Whether the district court improperly determined that Hartge's claim that the trial court erred in allowing the introduction of explicit victim photographs at trial was exhausted; and

(2) Whether the district court improperly determined that Hartge's claim that the trial court erred in allowing hearsay testimony in the form of statements made to a witness by the child victim was unexhausted.

The Eleventh Circuit affirmed as to the first issue and vacated and remanded as to the second issue. (Dkt. #36).

of trial court error for allowing State witness Madonna Crouch to testify about hearsay statements made by the child victim, B.D.[3], was fairly presented on direct appeal and remanded for consideration of this claim.[4]

---

[3] Petitioner presented this claim as ground three of his federal habeas petition.

[4] Specifically, the Eleventh Circuit found, in part, as follows:

In his memorandum of law in support of his pro se petition, Hartge raised, inter alia, the following issues: . . . (2) whether the admission of hearsay testimony of statements made by the child victim violated his right to due process under the Fourteenth Amendment. Although this second claim was labeled as a due process claim, Hartge based his claim on Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), a case decided under the Confrontation Clause of the Sixth Amendment. The district court found that [this] claim was [not] fairly presented to the state courts as a federal constitutional claim because the issue [was] presented only in state law terms and Hartge's references to federal law did not alert the state court to the fact that he was asserting federal constitutional claims. The court found that th[is] unexhausted claim w[as] procedurally defaulted because [it] w[as] not presented on direct appeal.

. . .

Hartge . . . argues that he raised this claim on direct appeal as a Sixth Amendment claim by relying on U. S. Supreme Court precedent and state cases employing a constitutional analysis and by alleging facts that show a pattern well within the mainstream of federal constitutional litigation.

. . .

On direct appeal to the Florida District Court of Appeal, Hartge challenged the trial court's finding of the reliability of the child victim's statements. His issue heading was that the trial court abused its discretion in allowing the hearsay testimony.

. . .

Reliability is crucial to whether the Confrontation Clause is satisfied under the [Ohio v.] Roberts, [448 U.S. 56 (1980)] standard and Hartge's arguments focused on reliability under the Florida hearsay exception. [Idaho v.] Wright, [497 U.S. 805 (1990)]'s use of factors drawn from hearsay cases further demonstrates the relatedness of the inquiry of admissibility of hearsay and reliability under the Confrontation Clause in this instance. See id. at 821-22, 110 S.Ct. at 3150. Thus, the substance of Hartge's claim on direct appeal - that the hearsay should not have been admitted under Fla. Stat. § 90.803(23) because it was not reliable - presents the same concern as the relevant inquiry under the Confrontation Clause. Furthermore, . . . Hartge cited a Supreme Court Confrontation Clause case, which contained the relevant Confrontation Clause law, discussed whether the child hearsay statements bore indicia of reliability, and was not part of a string citation proffered for illustrative purposes. Hartge also relied upon both state and federal law regarding the importance of reliability, citing, in conjunction with a case considering only § 90.803(23), the Sixth Amendment and a state case discussing reliability under the Confrontation Clause. [W]e conclude that . . . by focusing on reliability in conjunction with his more prominent use of relevant federal law . . . Hartge fairly presented his Confrontation Clause claim.

(Continued)

**Standard of Review**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly

---

In light of the foregoing, we AFFIRM in part and VACATE in part and REMAND in part for further proceedings consistent with this opinion.

(Dkt. #36 at pp. 3-4, 8, 9, 14-15).

established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Petitioner has the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). Petitioner's petition is subject to the provisions of the AEDPA because his conviction was entered after the AEDPA was enacted.

**Discussion**

Petitioner argues that the trial court abused its discretion by allowing State witness Madonna Crouch ("Crouch") to testify about B.D.'s statements. Petitioner claims that the child hearsay testimony should have been excluded as unreliable. (Dkt. 1). Before trial, the

State filed a notice (Dkt. #12, Vol. I, pp. 61-64) of its intent to offer child hearsay testimony through the testimony of Crouch. The trial court determined that B.D.'s disclosure to Crouch was trustworthy and reliable[5] (Dkt. #12, Vol. I, pp. 137-41). Petitioner argues that the reasons stated by the trial court to support its determination are either factually incorrect or unrelated to the determination of the reliability of B.D.'s statements. Petitioner further argues that the trial judge erred in finding the hearsay testimony reliable. Respondent contends Petitioner is not entitled to relief because the reliability of a victim's hearsay statements is a matter solely within the discretion of the trial court and a ruling on reliability

---

[5] Florida Statute, Section 90.803(23) requires:

(23) Hearsay exception; statement of child victim

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing . . . any act of sexual abuse against a child . . . or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

> 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2. The child either:
>
> a. Testifies; or
>
> b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to § 90.804(1).

. . .

(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

Fla. Stat. § 90.803(23) (West 2003).

cannot be disturbed on appeal absent a clear showing of abuse. Alternatively, Respondent argues that even if the trial court erred by admitting the hearsay testimony, the error was harmless in light of the substantial competent evidence against Petitioner.

The admissibility of B.D.'s statements is a matter of state law. A state court's interpretation of its own laws is not a ground for federal habeas relief. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992). However, to the extent Petitioner asserts that the admission of the statements denied him his Sixth Amendment right of confrontation, the claim is cognizable on federal habeas review.

Petitioner relies on the Confrontation Clause and the decision in *Idaho v. Wright*, 497 U.S. 805 (1990)[6], to support his contention that the trial court erred by finding B.D.'s statements reliable and allowing Crouch to testify to the statements. The Confrontation Clause of the Sixth Amendment provides that an accused in a criminal case has the right to "be confronted with [the] witnesses against him." U.S. Const. amend. IV. The Confrontation Clause allows admission of hearsay statements that are admissible under

---

[6] In determining whether the state court unreasonably applied federal law, this court's analysis is restricted by the holding in *Idaho v. Wright* because *Wright* was the leading Supreme Court case addressing Confrontation Clause claims before the decision in *Crawford v. Washington*, 541 U.S. 36 (2004). Because *Wright* was the applicable authority at the time Petitioner presented his Confrontation Clause claim to the state court in 1999, the claim is analyzed under *Wright*. *See Darby v. Ramirez-Palmer*, 2007 WL 1345223 (N.D. Cal. 2007) ("The state court's reliance on *Idaho v. Wright* was correct because that was the leading Supreme Court case addressing Confrontation Clause claims prior to *Crawford*.").

exceptions to the hearsay rule if the evidence bears sufficient indicia of reliability.[7] *Wright*, 497 U.S. at 814-15.

In *Wright*, the state trial court determined that the child, a victim of sexual abuse, was incapable of testifying at trial and admitted the statements the child uttered to an examining pediatrician under the state's residual hearsay exception. *Wright*, 497 U.S. at 809. The Supreme Court reversed after determining that the State had not met its burden of proving that the statements bore sufficient indicia of reliability to withstand scrutiny under the Confrontation Clause. *Wright*, 497 U.S. at 816; *Bugh v. Mitchell*, 329 F.3d 496, 510 (6th Cir. 2003). Holding that the State's residual hearsay exception failed to satisfy the reliability requirement for hearsay statements for Confrontation Clause purposes, the Supreme Court held that the admission of the victim's hearsay statements violated the defendant's rights under the Confrontation Clause. *Wright*, 497 U.S. at 815-16. Although the facts of Petitioner's case and the facts in *Wright* are analogous, contrary to Petitioner's assertion, *Wright* does not apply to this case.

"[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (*quoting Delaware v. Fernsterer*, 474 U.S. 15, 20 (1987)). B.D. testified at trial (Doc. 12, Vol. IV, pp. 410-511)

---

[7] Generally, before a court determines that incriminating statements that are admissible under an exception to the hearsay rule also meet the requirements of the Confrontation Clause, two criteria must be met: (1) the prosecution must produce the declarant or show that she is unavailable and (2) if the declarant is unavailable, her statement is admissible only if it bears "adequate 'indicia of reliability.'" *Wright*, 497 U.S. at 814-15. Reliability is inferred if the evidence falls within a "firmly rooted hearsay exception." *Wright* 497 U.S. at 815. If the statement fails to fall within such an exception, the statement must be excluded absent a showing of particularized guarantees of trustworthiness. *Wright* 497 U.S. at 815.

and was available for cross-examination. The right to cross-examine a witness "at the trial concerning h[er] current and prior testimony satisfie[s] the commands of the Confrontation Clause." *California v. Green*, 399 U.S. 149, 153, 158-59 (1970); *see also United States v. Owens*, 484 U.S. 554, 560 (1988) ("[W]hen a hearsay declarant is present at trial and subject to unrestricted cross-examination . . . the traditional protections of the oath, cross-examination and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements."). An inquiry into the reliability of B.D.'s statements is unnecessary to satisfy the Confrontation Clause. *Green*, 399 U.S. at 153; *see also Story v. Collins*, 920 F.2d 1247 (5th Cir. 1991) (Confrontation Clause is not violated by admission of victim's out-of-court statements in a child sexual abuse case because the victim testified at trial and was subjected to full cross-examination). Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's petition for the writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record