**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HAROLD HARTGE,

      Petitioner,

      vs.                                Case No. 8:02-CV-1254-T-30TGW

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## <u>ORDER</u>

      This matter comes before the Court for consideration of Petitioner's Motion for Extension of Time (Dkt. 40) to file a motion for rehearing of the Court's January 15, 2008 Order denying Petitioner's Petition for Writ of Habeas Corpus; Motion for Enlargement of Time (Dkt. 42) to file an application for certificate of appealability; Motion for Reconsideration of Court's Order Date January 15, 2008 (Dkt. 43); Motion for Application for Certificate of Appealability (hereafter "COA") (Dkt. 44); Memorandum of Law in Support of Motion for Certificate of Appealability (Dkt. 45); and Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 46).

      Initially, the Court construes Petitioner's Motion for Extension of Time (Dkt. 40) as a motion for an extension of time to file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). The ten day period for filing a Rule 59(e) motion to alter or amend judgment is jurisdictional and cannot be extended in the discretion of the District Court. *Glass v. Seaboard C. L. R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983).

Arguably, Petitioner's  Motion for Reconsideration of Court's Order Date January 15, 2008 (Dkt. 43) should be construed as a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b).  The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment.  Rule 60(b) "should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").  For example, Rule 60(b) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect.  "Motions under this rule are directed to the sound discretion of the district court."  *Id.*  Because Plaintiff's motion does not fit within any of the first five categories for relief set forth in Rule 60(b), the Court construes it as a motion brought pursuant to Rule 60(b)(6).

Often referred to as the catch-all ground, Rule 60(b)(6) provides an avenue for relief for "any other reason justifying relief from the operation of the judgment." In seeking relief pursuant to Rule 60(b)(6), Plaintiff has the burden of showing that absent relief from the judgment, an "extreme" and "unexpected" hardship will result. *Id.* (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932).

The Court finds that Petitioner has failed to demonstrate that he is entitled to relief from the Court's order under Rule 60(b)(6).  *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting  *Griffin v. Swim-Tech Corp*., 722 F.2d  at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a

showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'").

Petitioner timely filed his application for a certificate of appealability. Therefore, his Motion for Enlargement of Time (Dkt. 42) to file an application for certificate of appealability is moot.

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a COA when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test.

3

529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Motion for Extension of Time to file a motion for rehearing (Dkt. 40) is

**DENIED**.

2.      The Motion for Reconsideration of Court's Order Date January 15, 2008 (Dkt. 43)

is **DENIED**.

3.      The Motion for Enlargement of Time (Dkt. 42) to file an application for certificate

of appealability is **DENIED** as moot.

4.      The Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 46) is **DENIED**.

5.      The Motion for Issuance of Certificate of Appealability (Dkt. 44) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
All Parties/Counsel of Record